# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Jose Antonio Mendes da Costa

*Plaintiff,* Pro Se

Write the full name of each plaintiff.

**18 CV 2948**

_____CV_____

(Include case number if one has been assigned)

-against-

**COMPLAINT**

M.V.P.D. P.O. Pereira    # 2064

M.V.P.D. Sergeant Marcucilli

M.V.P.D. P.O. Johnny Camacho

M.V.P.D. DET. Jesus Garcia

T.O.E.,P.D. DET. Michael Martins, Ex. M.V.P.D.

Third Party Fernando Marques

Third Party Moacir Castro

Third Party Pedro Coelho

Third  Party Cecilia Rodrigues  (in flight)

C.M.V., Law Dept. P.I. Michael V. Lentini

C.M.V., Law Dept. Att. at Law Hina Sherwani

*Respondents,* et al.

Do you want a jury trial?

☑ Yes   ☐ No

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☑   **Federal Question**

☐   **Diversity of Citizenship**

**A.   If you checked Federal Question**

Which of your federal constitutional or federal statutory rights have been violated?

**B.   If you checked diversity of Citizenship**

**1.   Citizenship of the parties**

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
(Plaintiff's name)

_____
(State in which person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                           (Defendant's name)

_____
or, if not lawfully for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II. PARTIES

### A.   Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

| Jose | M. | da Costa |
|------|------|------|
| First Name | Middle Initial | Last Name |

86 Gramatan Avenue, Apt. 40
Street Address

| Westchester, Mount Vernon | New York | 10550 |
|------|------|------|
| County, City | State | zip code |

| (914) 774-3615 | joseantoniomendesdacosta46@gmail.com |
|------|------|
| Telephone Number | Email Address |

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____ Pereira _____

First Name                          Last Name

Police Officer, badge # 2064, Mount Vernon Police Department

Current job Title (or other identifying information)

Office of the Corporation Counsel, City of Mount Vernon # 111

1 Roosevelt Square

Current work Address (or other address where defendant may be served)

Westchester, Mount Vernon              New York              10550

County, City                                State                  zip code

Defendant 2: _____ Michael _____ Marcucilli _____

First Name                          Last Name

Sergeant, Mount Vernon Police Department

Current job Title (or other identifying information)

Office of the Corporation Counsel, City of Mount Vernon # 111

1 Roosevelt Square

Current work Address (or other address where defendant may be served)

Westchester, Mount Vernon              New York              10550

County, City                                State                  zip code

Defendant 3: _____ Johnny _____ Camacho _____

First Name                          Last Name

Police Officer, Mount Vernon Police Department

Current job Title (or other identifying information)

Office of the Corporation Counsel, City of Mount Vernon # 111

1 Roosevelt Square

Current work Address (or other address where defendant may be served)

Westchester, Mount Vernon              New York              10550

County, City                                State                  zip code

Defendant 4:      Jesus                    Garcia
                  First Name               Last Name

      Detective, Mount Vernon Police Department
      Current job Title (or other identifying information)

      Office of the Corporation Counsel, City of Mount Vernon # 111
      1 Roosevelt Square
      Current work Address (or other address where defendant may be served)

      Westchester, Mount Vernon        New York        10550
            County, City                State           zip code

Defendant 5:      Michael                  Martins
                  First Name               Last Name

      Detective, Town of Eastchester Police Department
      Current job Title (or other identifying information)

      Town of Eastchester Police Department, 40 Mill Road
      Current work Address (or other address where defendant may be served)

      Westchester, Eastchester         New York        10709
            County, Town                State           zip code

Defendant 6:      Fernando                 Marques
                  First Name               Last Name

      Bartender, Third Party
      Current job Title (or other identifying information)

      2 W. Sidney Avenue
      Current work Address (or other address where defendant may be served)

      Westchester, Mount Vernon        New York        10550
            County, City                State           zip code


Third party defendants were served at their Business address because The
City of Mount Vernon Counsel who at first was representing the third parties
provide the address of their Attorney Law as Cliff Bennette at 25 Cristopher
Rd. Bedford Corners NY. 10549-4919 service at this address keeps returning
with the unopened process service, it seems this address is in Mount Kisco.

Defendant 7:     Moacir                    Castro
                 First Name                Last Name

Carpenter, Third Party and Fernando Marques, Handyman
Current job Title (or other identifying information)

2 W. Sidney Avenue
Current work Address (or other address where defendant may be served)

Westchester, Mount Vernon          New York          10550
County, City                       State             zip code

Defendant 8:     Pedro                     Coelho
                 First Name                Last Name

Bakery Management, Third Party unlawful businesses with C.M.V
Current job Title (or other identifying information)

66 W. Lincoln Avenue
Current work Address (or other address where defendant may be served)

Westchester, Mount Vernon          New York          10550
County, City                       State             zip code

Defendant 9:     Michael                   Lentini
                 First Name                Last Name

Private Investigator, City of Mount Vernon Corporate Counsel
Current job Title (or other identifying information)

Office of the Corporation Counsel, City of Mount Vernon # 111
1 Roosevelt Square
Current work Address (or other address where defendant may be served)

Westchester, Mount Vernon          New York          10550
County, City                       State             zip code

Defendant 10:      ___Hina_____      ___Sherwani_____
                   First Name               Last Name

   ___Attorney, Yonkers Corporate Counsel, former Mount Vernon C.C.___
   Current job Title (or other identifying information)

   ___Yonkers Corporate Counsel, 40 South Broadway # 300_____
   Current work Address (or other address where defendant may be served)

   ___Westchester, Yonkers___      ___New York___      ___10701___
        County, City                   State              zip code

## III.  STATEMENT OF CLAIM

   Place(s) of occurrence:      ___The Civil claim takes place at 114 Gramatan
Avenue, analogous to an aggravated trespass at the same address the Year of
2009 instigated by the defendants to 10 CV 4125 from third parties in order
to obtain a case with identical trial facts to the facts that take place at 123
Gramatan Avenue Mount Vernon, New York 10550, the Year of 2008, to pad
defendants at their trial and obtain a verdict in their favor at the U.S.D.C. for
the S.D.N.Y., the date of November 5th 2012 in White Plains, NY.___

   Date(s) of occurrence:      ___The date for the Plaintiff's Civil Rights claim is
                December Six, Two Thousand Twelve___

### Facts:

State here briefly the FACTS that support your case. Describe what happened, how you were
harmed, and what each defendant personally did or failed to do that harmed you.
Attach additional pages if needed.


   Plaintiff Jose Antonio Mendes da Costa affirms the defendants of
Specific Corrupt Intent Scienter *Inter Alias*, in vicarious mitigation geared
towards affirmative acts of deprivation of fundamental Constitutional Civil
Rights under the Color of the State against the plaintiff.

   The defendants accomplish the wrongdoing by means of instigation
from the third parties defendants to fabricate the Unconstitutional
inculpatory evidence against the plaintiff, from which the defendants initiate
an illegal perverted use of the Courts process by misleading false statements
allegation to obtain the unlawful arrest imprisonment and malicious
prosecutions to at a later time continue the misuse in abuse of process.

Page 7

The fabrication of evidence takes place at 114 Gramatan Avenue, City of Mount Vernon, New York on the dates of December, sixth Two Thousand Twelve and is analogous to an aggravated trespass on the case by the defendants Scienter Knowledge affirmative acts to the fabrication of evidence at the very same address the date of June, first, Two Thousand Nine.

The second of the two when the Police Officer defendants to 42 U.S.C. § 1983 10 CV. 4125 instigate the third parties to fabricate inculpatory evidence against the plaintiff to obtain a case with identical trial facts, to the facts for trial pending litigation at the U.S.D.C. for the S.D.N.Y. to pad the defendants at trial, and herein mislead the unconstitutional obtained evidence as the justification for their acts without probable cause, of an assault by then Police Officer Michael Martins who after placing the plaintiff in handcuffs place the plaintiff in a head lock and throw plaintiff to the floor where he proceed to punch the plaintiff as then Police Officer Jesus Garcia kick the plaintiff in the back as senior officer Sergeant Michael Marcucilli and Police Officer Johnny Camacho stood watch and do nothing to stop the assault

The United States District Court for the Southern District of New York Chief Judge Cathy Seibel is in knowledge of the source for the plaintiff Suit at Law, as the sitting trial Judge presiding the proceedings for 42 U.S.C. § 1983 10 Cv. 4125, and has since maintained an undermining veiled Scienter literal bias prejudice that is smugly complicit with the City of Mount Vernon Law Department Public Employees defending the Police Department Officers, by favoring the Mount Vernon City Court completion of attempts and Administrative crimes against the plaintiff, to injure, lessen in value and waste away thru misuse, to at the U.S.D.C. adjudge by a misleading wrong standard of review for 42 U.S.C. §1983 and literally wrong the plaintiff in speech, reproach coarsely, disparage, revile and malign the plaintiff's litigation for the deprivation of Civil Rights under the color of the State.

The plaintiff has the proper evidence to state the affirmative acts by U.S.D.C. Chief Judge Cathy Seibel are not made in careless negligence wrong standard of review because on the date of February, Twenty-eighth, Two Thousand Twelve the plaintiff submit to the U.S.D.C. for the S.D.N.Y. an Affirmation in Opposition to Defendants motion for summary of judgment.

The document that initiated the trial proceedings for 10 CV. 4125 where the plaintiff after an authorized investigation confers the concern to

-the Court about the defendants past reckless negligence and of their intentions to in the future resume their aggravated trespass wrongdoing by misleading their misuse of the Public Health and Morals Offences Title M, Article 230. "The coercion statute refers to the actor's accusing some person of a crime or causing criminal charges to be instituted [Penal Law ~ 135.60(4)]"

Herein by means of false statements made allegations obtain the plaintiff's false arrest imprisonment, malicious prosecution, and abuse of process. There is no statutory definition of the term and it is only clear that an "isolated incident" does not constitute "a systematic ongoing course of conduct *Com. P.L. 120.40* under the sub-heading of **"stalking"** "course of conduct" "intent to defraud".

The Suit at Law for deprivation of Civil Rights under color of The State is a well pleaded complaint that does not allow for confusion since it is corroborated from inception to its completion by proper evidence contained in four pages of Court produced instruments of a crime, that were both made and fabricated at the Mount Vernon City Court by the defendants false allegations, Court proceedings and City Court fabrication of a false statement Certificate of Disposition for the wrong purpose deceit of the Courts.

The affirmative acts by the defendants fabrication of unconstitutional inculpatory evidence and the suppression of evidence favorable to the plaintiff, thereof by arbitrary overreaching or in usurpation of power serve no reasonable purpose other than to conjecture deceit to the Courts, deprive the plaintiff of an alternative to dispute resolution, leave the plaintiff outside of the protection of Laws, and cause the plaintiff loss of property vested rights through the fraudulent concealment of tortious forfeiture by wrongdoing.

The invidious discrimination unconstitutional deprivation of Civil Rights under color of the State encroaches on the same very Civil Rights that are retained by all citizens, the judgment exceed the Courts authority to cause the loss of fundamental Civil Rights thru the miscarriage of justice, and to obtain a purpose not authorized by Law, to Bar a Civil Rights Claim.

**Plaintiff** Suit at Law civil complaint under provision 42 U.S.C. §1983, § 1985 (3) for the deprivation of Civil Rights under color of the State, herein filed at The Daniel Patrick Moynihan Courthouse, take place at the City of Mount Vernon, New York, the date of December sixth Two Thousand Twelve.

The plaintiff after an evening of dining in the adjacent City of Yonkers, return to the City of Mount Vernon at 20:45 pm., and park my vehicle in front of 120 Gramatan Avenue, a Deli where i enter to purchase a soft drink then return to outside where i stand for about five minutes.

At this time a person named Vera Almeida, whom i interrogate at the U.S.D.C. Charles L. Brieant Jr. Courthouse, White Plains New York, on the date of September twelfth, Two Thousand Twelve, when Ms. Almeida show up for the deposition accompanied by third party Pedro Coelho for the purpose of questioning Almeida for her participation as the Mount Vernon Police and the accessory third parties foreign attachment witness!

I turn my attention to Almeida whom was then leaving her employment at the third party Fernando Marques rental property at 114 Gramatan Avenue and affirm you people take one minute to fabricate evidence but you take forever to turn yourselves in to the authorities.

Almeida reached for her phone and call the Mount Vernon Police that show up in minutes with several police vehicles i was asked to standby before being handcuffed, taken to the precinct, and placed under unlawful arrest for One Count of alleged of PL. 120.50 03 AM3 Stalking 3d. Docket #: 12-4946.

Afterward i was taken to Westchester County Jail for imprisonment. On December tenth, Two Thousand Twelve i was returned to Mount Vernon City Court when the Court accrue a Count Two: allegation for Harassment 2d PL 2402602 V2, I was given a $2000.00 bail for the Count One Stalking 3RD and remanded to The Westchester County Jail where i remain until the date of January twelfth, Two Thousand Thirteen when i pay for the bail!

The Count Two allegation of Harassment 2d was signed by Police Officer Yant who was not on site for the Count One Stalking 3d allegation.

As i am waiting for a trial date to be disclosed by the Court, another similar allegation was made by third party Pedro Coelho, the false statement incident report against the plaintiff, allege the plaintiff enter Padaminas Bakery situated on 66 W. Lincoln Avenue, threaten Pedro Coelho with: your days are counted, that i knew where the owner lived, and he will pay for all of my troubles. Docket: 13-1128. The Harassment 2ND complaint is the same accrued on December tenth 2012 to witness Almeida Docket: # 12-4946.

The false allegation incident report was signed by Police Officer Yant.

February 14th 2014 at the trial for the alleged Harassment 2ND Pedro Coelho depose a conjectured perjury to his handwritten legal fiction, to recant the fact; plaintiff was never inside his business to threaten him. Certificate of Disposition: Charges Dismissed, Order of Protection Vacated.

The plaintiff had to wait under the duress of the false allegations from December sixth Two Thousand Twelve, thru February fifteenth Two Thousand Fifteen and over ten Court appearances when defense Attorney Angelo McDonald confer to the plaintiff the allegation for Stalking 3d were being dismissed by the A.D.A. but that the City Court Judge and the A.D.A. wants to trial the plaintiff for the allegation of Harassment 2ND.

The City Court unwilling to dismiss all the false allegations as is just and proper, i proceed for trial because i was not being forced to sign an unconscionable agreement waiver of my Fourth, Fifth, Sixth and Fourteenth Amendments Due Process clause equal protection of Laws that would forfeit my right to a jury trial, the dismissal of the false allegation is an exoneration.

The no Jury trial before Judge Hellen Blackwood take place in two Court dates April and in May Two Thousand Fifteen, in April Almeida depose allegation of; the plaintiff followed her since before October but she never had called the Police until December sixth of Two Thousand Twelve, and Almeida made false statements to not know the plaintiff in Scienter of the plaintiff questioned Almeida at the U.S.D.C. September Two Thousand Fifteen.

In May the plaintiff was deposed; I am a resident of Mount Vernon, NY I conduct business and frequent businesses in Gramatan Avenue, and i never follow Almeida. Second; i depose to fact that i had evidence of deposing Almeida at the U.S.D.C. for the S.D.N.Y., and herein there is no truth in the Almeida deposition alleging to not know the plaintiff, and third; I depose that in October i had complained to a Law intern at Fordham University Jordan Franklin whom in turn contact Mount Vernon Law Dept. and the Police Dept. to stop harassing me with the selective Policing, and that up on my request from Fordham University Professor at Law Michael Martin, the Attorney at Law provide me with a letter to confirm my complaint with Jordan Franklin.

The Mount Vernon City Court Judge Hellen Blackwood and the A.D.A. who act perplex to the evidence submitted by the plaintiff for defense,

-proceed to suppress the evidence in favor of the plaintiff's defense.

Herein by means of the arbitrary overreaching, and usurpation of power to exceed the Mount Vernon City Court authority Judge Hellen Blackwood adjudged a verdict of guilty for the (violation) of Harassment 2d PL 240.26 sentencing the plaintiff to a Conditional Discharge, pay a mandatory Surcharge of $95.00, and perform 30 hours of community service!

After the trial when i ask for the Certificate of Disposition i discover the Mount Vernon City Court had fabricated a forgery of the Certificate of Disposition for the proceedings, Docket # 12-4946 had been altered to Docket # 12-4996 and the misleading disposition deceit reads; People v. Da Costa

The above named defendant having been brought before Hon. Helen Blackwood, Judge of the Mount Vernon City Court, charged with PL 120.50 -03 –AM- 3-STALKING-3RD Red. to PL-240.26 - V - 2 –Harassment 2ND-PHY CONTACT – was thereafter on May 12, 2015 duly disposed of as follows:

PLEAD GUILTY TO REDUCED CHARGE HARASSMENT 2ND (VIOLATION) PL-240.26 01 IN FULL SATISFACTION.
IT IS ADJUDGED THAT SUCH DEFENDANT
Received a Conditional Discharge, pay a mandatory Surcharge of $95.00 and a crime victim fee of $25.00 and perform 30 hours of community service!

The plaintiff after reading the Certificate of Disposition know the fabricated forgery alteration of instruments and the altered meaning implies misleading false statements about the plaintiff pleading guilty to a lesser charge to satisfy the false statement allegation for Stalking 3RD made on the date of December sixth, Two Thousand Twelve, that was the cause for the unlawful arrest and imprisonment until the date of January twelfth, Two Thousand Thirteen, and continued by the malicious prosecution following the unlawful arrest until May twelfth Two Thousand Fifteen, the abuse of process by suppression of evidence favorable to the defense, and fabrication of the Certificate of Disposition false statements made for the plaintiff pleading guilty at the proceedings without ever being trialed for Harassment 2ND were made in furtherance of the unconstitutional evidence inculpatory impropriety and misused in the deprivation of Civil Rights under the color of the State!

The Unified Courts System has not a non-Jury trial procedure for the purpose of pleading guilty, either accused enters a plea guilty or he is trialed.

Plaintiff filed the application for Appeal with The Supreme Court of the State of New York Appellate Term Sec. Dept. for Docket # 12-4946 that was altered by the Mount Vernon City Court fabrication to Docket # 12-4996.

The Supreme Court of the State of New York Appellate Term: Second Department Case No. Appellate term Docket # 2015-01433, the trial transcripts prove that there was no such unconscionable plea of guilt entered by the plaintiff to the Mount Vernon City Court.

The City of Mount Vernon Court Docket # 12-4946 and # 13-1128 show the plaintiff had to make over 20 appearances for all pretrial and the trial proceedings, and to make a claim for a malicious prosecution the plaintiff has to have been submitted to a post-arraignment deprivation of liberty that is more than *de minimis* of having to appear in criminal court one or two times.

The plaintiff's civil complaint under The United States Constitution provisions 42 U.S.C. §1983 and 42 U.S.C. § 1985 (3) the respective supportive evidence and related authorities for the December, sixth, Two Thousand Twelve unlawful arrest, false imprisonment, malicious prosecution, and abuse of process deprivation of Civil Rights under the color of the State, is a well pleaded complaint that is plausible on its face and is corroborated by the Misdemeanor Information submitted by the Mount Vernon City Court!

1) Plaintiff's unlawful arrest and imprisonment the date of December sixth, Two Thousand Twelve, Incident # 12-44659 Docket # 12-4946 Count One: Stalking in the third degree, PL 120.50 03 AM3

2) December tenth Two Thousand Twelve plaintiff return from Westchester County Jail to Mount Vernon City Court, at this date the Court adduced the accrual superseding misdemeanor information for a Count Two: Harassment 2ND Physical Contact (violation) PL 240.26 02 V2.

At this date the plaintiff was given a $2000.00 bail and remanded to the Westchester County Jail where the plaintiff remained until January twelfth Two Thousand Thirteen when plaintiff paid the bail to wait for a trial date in liberty from the imprisonment confinement.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955,167 L. Ed. 2d 929 (2007). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face.

In *Manuel v. City of Joliet Ill.* 137 S. Ct. 911 (2017).
The Fourth Amendment protects "[t]he right of the people to be secure in their persons ... against unreasonable ... seizures." Manuel's complaint seeks just that protection. Government officials, it recounts, detained—which is to say, "seiz[ed]"—Manuel for 48 days following his arrest. See App. 79–80; *Brendlin v. California,* 551 U.S. 249, 254, 127 S. Ct. 2400, 168 L.Ed.2d 132 (2007) ("A person is seized" whenever officials "restrain [ ] his freedom of movement" such that he is "not free to leave").

And that detention was "unreasonable," the complaint continues, because it was based solely on false evidence, rather than supported by probable cause. See App. 79–80; *Bailey v. United States,* 568 U.S. 186, 192, 133 S. Ct. 1031, 185 L.Ed.2d 19 (2013) ( "[T]he general rule [is] that the Fourth Amendment seizures are 'reasonable' only if based on probable cause to believe that the individual has committed a crime").

This Court decided some four decades ago that a claim challenging pretrial detention fell within the scope of the Fourth Amendment.

In *Gerstein,* two persons arrested without a warrant brought a S 1983 suit complaining that they had been held in custody for "a substantial period solely on the decision of a prosecutor." 420 U.S., at 106, 95 S. Ct. 854.
The Court looked to the Fourth Amendment to analyze—and uphold—their claim that such a pretrial restraint on liberty is unlawful unless a judge (or grand jury) first makes a reliable finding of probable cause.
See *id.,* at 114, 117, n. 19, 95 S. Ct. 854.

The Fourth Amendment, we began, establishes the minimum constitutional "standards and procedures" not just for arrest but also for ensuing detention. *Id.,* at 111, 95 S. Ct. 854. That Amendment, standing alone, guaranteed "a fair and reliable determination of probable cause as a condition for any significant pretrial restraint." *Id.,* at 125, 95 S. Ct. 854.

Accordingly, those detained prior to trial without such a finding could appeal to "the Fourth Amendment's protection against unfounded invasions of liberty." *Id.,* at 112, 95 S. Ct. 854; see *id.,* at 114, 95 S. Ct. 854.

Finally, malicious prosecution's favorable-termination element makes no sense when the claim is that a seizure violated the Fourth Amendment. The Fourth Amendment, after all, prohibits *all* unreasonable seizures—regardless of whether a prosecution is ever brought or how a prosecution ends. A "Fourth Amendment wrong" "is fully accomplished,"

*United States v. Calandra,* 414 U.S. 338, 354, 94 S. Ct. 613, 38 L.Ed.2d 561 (1974), when an impermissible seizure occurs.

The Amendment is violated and the injury is inflicted no matter what happens in any later proceedings. See *Wallace,* 549 U.S., at 389–392, 127 S. Ct. 1091.[2] An arrestee can file such a claim while his prosecution is pending—and, in at least some situations—will need to do so to ensure that the claim is not time barred. See *id.,* at 392–395, 127 S. Ct. 1091

In *Mapp v. Ohio,* 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961) The Court held that the due process clause of the Fourteenth Amendment extended to the States the Fourth Amendment right against unreasonable searches and seizures. And, as necessary to ensure such rights, the exclusionary rule, which   prohibited the introduction into evidence of material seized in violation of the Fourth Amendment, likewise applied to the State's prosecution of state crimes.

The doctrines of the Fourth and Fifth Amendments apply to all invasions on the part of the government and its employees of the sanctity of a man's home and the privacies of life. It is not the breaking of his doors and the rummaging of his drawers that constitutes the essence of the offense; but it is the invasion of his indefeasible right of personal security, personal liberty, and private property. Breaking into a house and opening boxes and drawers are circumstances of aggravation; but any forcible and compulsory extortion of a man's own testimony or of his private papers to be used as evidence to convict him of crime or to forfeit his goods is within the condemnation of the amendments.

Constitutional provisions for the security of person and property should be liberally construed. It is the duty of courts to be watchful for the constitutional rights of the citizen, and against any stealthy encroachments thereon. Because the Fourth Amendment's right of privacy has been declared enforceable against the States through the Due Process Clause of the Fourteenth Amendment, it is enforceable against them by the same sanction of exclusion as is used against the Federal Government.

On appeal, the Supreme Court of the United States reversed the judgment of the Supreme Court of Ohio and remanded the cause to that court. In an opinion by Clark, J., expressing the views of five members of the Court, the earlier decision in Wolf v Colorado, supra, was overruled, and it was held that, as a matter of due process, evidence obtained by a search and seizure in violation of the Fourth Amendment is inadmissible in a state court as it is in a federal court.

As to the federal government, the Fourth and Fifth Amendments and, as to the states, the freedom from unconscionable invasions of privacy and the freedom from convictions based upon coerced confessions enjoy an intimate relation in their perpetuation of principles of humanity and civil liberty, and express supplementing phases of the same constitutional purpose--to maintain inviolate large areas of personal privacy; the philosophy of each amendment and of each freedom is complementary to, although not dependent upon, that of the other in its sphere of influence--the very least that together they assure in either sphere is that no man is to be convicted on unconstitutional evidence.

The rule which excludes unconstitutional evidence from being admitted in a state criminal trial is an essential part of both the Fourth and Fourteenth Amendments.

*Cook v. Sheldon*, 41 F.3d 73, 78 (2d Cir. 1994). The right not to be arrested without probable cause is a clearly established right. ("It is now far too late in our constitutional history to deny that a person has a clearly established right not to be arrested without probable cause."). Officers who arrested civil rights plaintiff for violation of Vehicle Identification Number (VIN) statute were not entitled to qualified immunity where charges against plaintiff were dismissed and there was absence of probable cause for arrest. 42 U.S.C.A. § 1983.

3) On February, Two Thousand Fifteen, defense Attorney Angelo McDonald confer to the plaintiff the City Court A.D.A. is dismissing the Count One: Misdemeanor Stalking 3RD but the Court would proceed for non-Jury trial for Count Two: Harassment 2ND Phy Contact (violation).

At the non-Jury trial the Mount Vernon City Court, Judge Hellen Blackwood and the A.D.A. suppressed all the evidence in favor of the defense, to render by arbitrary overreaching usurpation of power a guilty verdict.

4) On May, twelfth Two Thousand Fifteen, the $2000.00 bail the plaintiff had paid January twelfth Two Thousand Thirteen to be released from imprisonment at the Westchester County Jail, for the Count One: Stalking 3RD PL 120.50 03 AM, was exonerated after the non-Jury trial.

The Mount Vernon City Court after the non-Jury Trial, continue the fraudulent concealment to the forfeiture by wrongdoing impropriety course of conduct, and fabricate a Certificate of Disposition forgery for the conclusion of trial proceedings that in all of its deceit deny the plaintiff was ever at a trial.

The misleading fabricated Certificate of Disposition false statements of the plaintiff plead guilty in full satisfaction.

"The touchstone for determining whether a fact must be found by a jury beyond a reasonable doubt is whether the fact constitutes an 'element' or 'ingredient' of the charged offence."
*Alleyne v. United States*, U.S. 133 S. Ct. 2151,186 L. Ed. 2d 314 (2013) (Citing *United States v. O'Brien*, 560 U.S. 218, 130 S. Ct. 2169, 176 L. Ed.2d 979 (2010); *Apprendi, supra,* at 483, n. 10, 120 S. Ct. 2348).

And in accordance with those decisions and many others, *Alleyne* specifically held: "Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted.

*Alleyne v. United States*, 133 S. Ct. 2151,186 L. Ed. 2d 314 (2013) The Sixth Amendment provides that those "accused" of a "crime" have the right to a trial "by an impartial jury." This right, in conjunction with the Due Process Clause, requires that each element of a crime be proved to the jury beyond a reasonable doubt. The substance and scope of this right depend upon the proper designation of the facts that are elements of the crime.

*Apprendi v. New Jersey,* 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) U.S. Const. amend XIV provides for the proscription of any *Apprendi* deprivation of liberty without due process of law, and U.S. Const. amend. VI guarantees that in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury.

Due Process prevents an appellate court from affirming a conviction based upon legal and factual grounds that were not submitted to the jury.

*See Dunn v. United States*, 442 U.S. 100, 105-07, 99 S Ct. 2190, 60 L. Ed.2d 743 (1979) ("To uphold a conviction on a charge that was neither alleged in an indictment nor presented to a jury at trial offends the most basic notions of Due Process. *Cole v. Arkansas*, 333 U.S.196, 96 S. Ct. 514, 92 L. Ed. 644 (1948) further illustrates our understanding of the federal Due Process principle. "No principle of procedural Due Process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal."

When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," and the judge exceeds his proper authority *Id.* at 304.

This Court held a Judge must return a sentence that is in accordance with the jury verdict and not based on any additional facts presented to or known by the judge outside of a trial. It implies nothing with respect of guilt or innocence. Rather it is a determination a defendant has been convicted through a judicial process that is defective in some fundamental respect *e.g.,* incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct.

*Smith v. Cain* 565 U.S. 73,132 S. Ct. 627,181 L. Ed. 2d 571, (2012) Under Brady, the State violates a defendant's right to due process if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment. The Court determined that the witness's undisclosed statements alone sufficed to undermine confidence in the inmate's conviction because the undisclosed statements were plainly material to the determination of the inmate's guilt since the witness's testimony was the only evidence linking the inmate to the crime, and the witness's undisclosed statements directly contradicted the witness's testimony.

In *Flores v. City of Mount Vernon*, 41 F. Supp. 2d 439 (1999) Arrestee brought § 1983 action against city, its police department, and various police officers, alleging she was arrested and strip searched in violation of Fourth Amendment. On cross-motions for summary judgment, the District Court, McMahon, J., held that: (1) officers lacked probable cause to make arrest; (2) officers lacked right to subject arrestee to strip/body cavity search; (3) commander executing search warrant was not entitled to qualified immunity; (4) fact issues existed as to whether arresting and strip searching officers knew commander lacked probable cause for arrest; (5) city was liable on § 1983 claim; and (6) private right of action against city and police department for violations of New York State Constitution was precluded. Plaintiff's motion granted in part, and defendants' motion denied.

The Plaintiff's complaint is well pleaded, supported by the business entry rule for records produced at the Mount Vernon City Court during proceedings, the Westchester County Jail records for imprisonment, the date for exoneration of bail, the Supreme Court of the State of New York Appellate Term: Second Department Docket: 2015-01433; proof of deceit at the Mount Vernon City Court in fabrication of the Certificate of Disposition made by false statement alteration of instruments meaning to conceal non-Jury trial, the Civil claim for deprivation of Civil Rights under color of the State, is plausible on its face in regard to existing law and proper evidence provision.

There is one issue with plaintiff's Civil complaint after the conclusion in eleven pages and forty six hundred fifteen words, that includes the first three pages seven thru eleven in eight hundred sixty four words to explain this complaint is directly related to the City of Mount Vernon Police Department defendants to Civil Complaint 42 U.S.C. § 1983 10 CV. 4125 Scienter specific corrupt intent to trammel with the impending litigation at the U.S.D.C. for the S.D.N.Y. by means of instigation from third parties to fabricate the unconstitutional inculpatory evidence against the plaintiff at 114 Gramatan Avenue, the location is 150 feet from 123 Gramatan Avenue the site of the incident where 42 U.S.C. § 1983 10 CV. 4125 take place!

The defendants to 42 U.S.C. § 1983 10 CV. 4125 in vicarious mitigation retaliation plan to use the unconstitutional evidence of a case with identical trier to the facts for the impending litigation to pad themselves at trial with a justification for their actions without probable cause, although the resulting unconstitutional evidence fabricated on June, First, Two Thousand Nine seven months after the incident could not be used in Federal Courts as the justification for their reckless negligence as probable cause the Mount Vernon City Counsel Attorney for defense used the evidence in Scienter knowledge of the affirmative acts of recourse by defendants and accessory third parties.

The plaintiff need to explain in a few words why this issue is a cause of concern for the litigation of this Civil Rights complaint, without allowing for the intentional creation of confusion by the defendants affirmative acts in furtherance of the vicarious mitigation by means of fraudulent concealment to their forfeitures by wrongdoing, intended for deceit of the Courts.

The Year of Two Thousand Ten plaintiff files Civil Rights complaint at The Daniel Patrick Moynihan Courthouse, U.S.D.C. for the S.D.N.Y. Chief Judge Gardephe Order the 42 U.S.C. § 1983 10 CV. 4125 Civil Rights claim proceedings to The Hon. Charles L. Brieant Jr. Federal Building and Courthouse where Chief Judge Cathy Seibel resume proceedings to authorize the plaintiff's pretrial investigation and later the pretrial interrogatories.

The pretrial litigation conclude February twenty-eight Two Thousand Twelve when the document Plaintiff Affirmation in Opposition to Defendants Motion for Summary Judgment, where i confer my concern in detail of the defendants were planning the future unlawful arrest for Stalking 3RD!

Chief Judge Seibel allowed a Fordham University Professor Pro Bono Attorney Michael Martin and a team of Law Interns to represent plaintiff at the U.S.D.C. Trial, but this is as far as Judge Seibel niceties were adjudged.

At the U.S.D.C. Trial of 10 CV 4125 on November, third thru the fifth of Two Thousand Twelve Chief Judge Cathy Seibel allowed for the City of Mount Vernon Counsel Attorney to testify "expert" witnesses against the plaintiff, but denied the Attorney for the defense request for testimony of expert witnesses for the plaintiff, the fact that there were no expert witnesses allowed to testify on behalf of my complaint influenced my decision to settle the complaint with the City of Mount Vernon Police Department defendants.

The plaintiff wants to make clear there is not any matter in this Civil Rights complaint that was already litigated at 10 CV. 4125 but at same time I want to make clear that all of my Civil Rights litigation at the U.S.D.C. for the S.D.N.Y is from the defendants to 10 CV. 4125 Police Misconduct of continued reckless negligence aggravated trespasses on the case primarily by means of instigation from third parties to fabricate unconstitutional evidence to inculpate the plaintiff for their wrongdoings and secondarily by means of the third parties direct influence foreign attachment of witness Vera Almeida who is an employee at third party Marques rental *inter vivo* where the fabrication of the evidence took place and in knowledge of the fabrication make the perjury false statements to corroborate the defendants wrongdoing!

After February of Two Thousand Eleven U.S.D.C. Judge Seibel authorized the plaintiff pretrial investigation I was legally able to investigate the defendants and third parties for the aggravated trespasses on the case.

To counter the harassment of physical threats by third party Moacir Castro the plaintiff thought as deterrent of reporting all suspicious activities undertaken by the third parties at the site of the incident to the Anti-Trust Division of the Department of Justice at the Federal Building Room 300.

The report yield the result of ordered closing of third party Pedro Coelho unlawful businesses at the very site to the recurring incidents 117 Gramatan Avenue across the street from 114 Gramatan Avenue where third party Fernando Marques authorize Moacir Castro to fabricate the inculpatory evidence at Almeida's employment then Cecilia's Salon.

Third party Pedro Coelho not only managed unlawful business at the site of the incidents he also managed unlawful businesses from inside a Government Accredited Agency at The 707 Elks of Yonkers/Mount Vernon located in Mount Vernon, N.Y. at 88 W. Lincoln Avenue, and where he should not have been conducting unlawful business that serve no other purpose than personal gain, and where the unlawful presence indicates the management was authorized from a source within the Mount Vernon City Agency for obvious kickbacks, against every Agency in the State of New York policies!

The plaintiff Subpoena the records for the unlawful business from third party Pedro Coelho and obtain the records for order of seizure of the unlawful businesses at 117 Gramatan Avenue and 88 W. Lincoln Avenue.

The plaintiff is the source of an authorized evidentiary investigation that confirms third party Pedro Coelho who accompany Vera Almeida to the plaintiff's interrogatories at the U.S.D.C. in September Two Thousand Twelve was conducting unlawful business with knowledge of the City of Mount Vernon at 88 W. Lincoln Avenue and at 117 Gramatan Avenue that is across the street from 114 Gramatan Avenue where the inculpatory evidence against the plaintiff is fabricated and both addresses are located 150 feet from 123 Gramatan Avenue the site for the 10 CV. 4125 incident.

What the defendants to 10 CV 4125 do before and after they fabricate inculpatory evidence against the plaintiff and how are they connected;

Before; On December Two Thousand Nine plaintiff filed complaint for Police misconduct with Mount Vernon Police Dept. Captain Barbara Duncan.

February Two Thousand Ten plaintiff come to an interview at Mount Vernon Police Department, the interview officer was Sergeant Marcucilli, the plaintiff complain the Sergeant could not be the interviewer because he was the Senior Officer at the incident that stood by while plaintiff was assaulted!

The Sergeant threaten plaintiff with immediate arrest, with further arrests and that any relief the plaintiff sought would be thwarted, plaintiff remained silent for 45 minutes until being dismissed from the interview.

The Months after the interview the defendants to 10 CV 4125 would often meet with Cecilia's Salon manager Rodrigues at the Joseph P. Petrillo parking lot 500 feet from 114 Gramatan Avenue, when i observe these meetings i know they were preparing for a wrongdoing against the plaintiff.

The wrongdoing culminate with the first retaliatory aggravated trespass by the third parties fabrication of the unconstitutional inculpatory evidence against the plaintiff at 114 Gramatan Avenue where Moacir Castro on the date of June first Two Thousand Nine removed a door closer valued at $70.44 from the door, when i walk by site the Police was called and i was placed under unlawful arrest imprisonment under the allegations of property damage 3RD that needs to be substantiated by a damage exceeding $250.00.

The false statement allege the plaintiff enter the Salon to threaten Almeida kicked the door that later was changed to slam causing it to "jamb".

After plaintiff return from imprisonment March Two Thousand Eleven and filed 10 CV 4125 i know enough facts for a continued course of action.

I previously mention February twenty eighth Two Thousand Twelve document affirmation in opposition of defendants' motion for summary judgment, the document that initiates 10 CV. 4125 trial proceedings and where i confer my clear concern for the defendants' future intent to false arrest and imprison the plaintiff on the allegation of Stalking.

During process service at the City of Mount Vernon Agency Counsel Hina Sherwani i discover Counsel Priv. Inv. Michael V. Lentini was a patron of Cecilia's Salon where Almeida was his hairdresser i recognize him from when i had been a patron at the Salon before the 10 CV 4125 incident.

May thirty first Two Thousand Twelve at three forty five pm. i observe Lentini leaving 114 Gramatan Avenue in a hurry when only Almeida was at her employment and this encounter was one of my interrogatory questions.

At the September Two Thousand Twelve electronic recorded interrogatories the Counsel Attorney for the defense Sherwani constantly disrupt the plaintiff interrogatory of Almeida deposition by inferences of the witness did not have to answer the questions, and when ask about May thirty first when Lentini was at 114 Gramatan Avenue Almeida depose; he was only there when we called for you! Attorney Sherwani repudiate the deposition by inference to; there is no private investigator only police. Inference; you see if you would only listen that is what she just say!

Lastly Pedro Coelho's false allegation against the plaintiff allege: the plaintiff entered Padaminas Bakery situated on 66 W. Lincoln Avenue, threaten Pedro Coelho with: your days are counted, that i knew where the owner lived, and he will pay for all of my troubles. Docket: 13-1128.

Pedro Coelho knows what he wants with the legal fiction allegations being explicit to convey to the instrument of a crime, is his reserved or prohibited trademark; "Padaminas" *Duress Per Minas* "Duress by threat of loss of life, loss of   limb, mayhem, or other harm to a person".

And Coelho knows of his disparaging trademark, on the Subpoenaed documents from the unlawful businesses order of seizure, the knowledge is visible, Pedro Coelho register the trademark "Padaminas" to the New York State Business Registry as "Pada Café". [Cases: Trademarks; key, 1140].

Third party Pedro Coelho considers his Superior Knowledge the art and part of his "alter ego".

The Mount Vernon City Court A.D.A. is of Scienter knowledge of the defendants' false statements allegations for the improper use of process to deliberate the deprivation of Civil Rights under the color of the State against the plaintiff is being construed from the misleading of:

The misleading misuse of the Public Health and Morals Offences Title M, Article 230. The coercion statute refers to the actor's accusing some person of a crime or causing criminal charges to be instituted [Penal Law ~ 135.60(4)].

This statute adds the causing of the deportation proceedings to be instituted [P.L. ~ 230.34 (5) (d)]. The coercion statute catchall provision applies to conduct calculated to harm a person's "health, safety, business, calling, career, financial condition, reputation or personal relationships; 1. By "unlawfully providing a controlled substance to such person with intent to impair said person's judgment. 2. By "requiring that the labor be performed to retire, repay, or service a real or purported debt that the actor has caused by a "systematic ongoing course of conduct."

There is no statutory definition of the term and it is only clear that an "isolated incident" does not constitute "a systematic ongoing course of conduct Com. P.L. 120.40 under the sub-heading of "stalking" "course of conduct" "intent to defraud" Causation and Repentance: Reexamining Complicity in Light of Attempts Doctrine 3 N.Y.U. J.L. & Liberty 155 (2008 ) Stalking Humans: is there a need for Federalization of anti-stalking laws in order to prevent recidivism in stalking Stopping New Yorkers' stalkers; an anti-stalking law for the new millennium.

## Background facts;

The date of October, twenty eighth Two Thousand Fifteen I filed a Civil Rights Complaint about this complaint at The Hon. Charles L. Brieant Jr., Federal Building and Courthouse at 300 Quarropas St. White Plains, NY U.S.D.C. for the S.D.N.Y. 42 U.S.C. § 1983 15 CV 8500.

U.S. District Judge Cathy Seibel on January, twenty seventh Two Thousand Six, by a wrong standard of review for deprivation of Civil Rights under color of the State adjudge a frivolous claim Order of Dismissal.

U.S. District Judge Seibel starts to wrong plaintiff at page 2 of review in Background; The Court found that the allegations in Plaintiff's 312-page complain were unintelligible. And plaintiff's amended complaint is 322 pages.

Judge Seibel ask if appropriate how is this action related to *Mendes da Costa v. Marcucilli*, 10 CV 4125 (CS) ("*Mendes da Costa I*") and by simple concise and direct statements amend the complaint in 20 or fewer pages.

Judge Seibel claim that I allege harassment by members of MVPD, a May 2015 conviction in the Mount Vernon City Court of harassment in 2ND and an order against him with respect to a person named Vera Almeida.

The plaintiff affirms Judge Seibel rhetoric in ignores the complaint facts in the Amended complaint for the unlawful arrest and imprisonment the date of December sixth Two Thousand Twelve that are can be found from at N. 7, 8, and 9 on pages 12 thru 17.

The plaintiff's amended complaint is 20 pages that are enumerated 1 thru 9, the other pages in the complaint are the parties in the complaint, the basis for jurisdiction, injuries, and relief.

The petitioner also submit with the complaint, evidence exhibits documents for the complaint that were titled and numbered; Evidence exhibit 1. 2. 3. ... . The evidence exhibits in covers with their titles and numbers total approximate 270 pages.

The evidence exhibits are clearly distinguishable from the complaint.

The evidence exhibits were obtained during the U.S.D.C. authorized, pretrial investigation, the petitioner is the original source for the evidence obtained by Court documents subpoena service, and process service.

United States District Judge Seibel knowledge of the of the background for the petitioner Civil suit at law, would allow for the Judge effortless understanding of the accruals that takes place at the very same site of 10 Cv. 4125 150 feet apart, and one month apart from the City of Mount Vernon Police Officers trial on 11/3/12, to construe a liberal interpretation for the identical situation unlawful arrest, false imprisonment, malicious prosecution, abuse of process taking place for the duration of over two years!

J. Seibel wants to suppress all the evidence against the defendants.

**Discussion A.** J. Seibel rhetorical conjecture continue "[a] complainant fails to comply Rule 8 (a) (2) if it is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.

And at **B. Plaintiff's litigation historical** the first paragraph of the foot note reads 1 To the extent the plaintiff asserts claims under 42 U.S.C. § 1983 for false arrest and malicious prosecution arising from the events that led to and include is May 15 2015 conviction in Mount Vernon City Court, the Court dismisses those claims as frivolous.

U.S. Judge Seibel decision conjectures literal bias with The City of Mount Vernon defendants Public Employees, Police Officers and the third parties wrongdoings, and against every word in this complaint starting at page 7 thru page 18 of the 42 U.S.C. § 1983 Civil Rights complaint for the deprivation of rights under the color of the state.

U.S. Judge Seibel smug complicit bias lies with a one sided argument the defendants concert of action to evade a claim for deprivation of under the color of the State under Monell v. Dept. of Soc. Ser. of the City of New York 436 U.S. 658; 98 S. Ct. 2018 (1978 U.S.C.)

The Scienter knowledge affirmative acts by the defendants Public Employees in defense of Police Officers instigation from the third parties fabrication of inculpatory evidence, and third parties foreign attachment of Almeida an employee where evidence is fabricated, is a business compulsion for witness to act as a hired gun for the all defendants, and too in knowledge of forfeiture by wrongdoing fraud concealment perjury testimony in favor of defendants, the bad faith and wrongdoing by Law do not serve as justification for the unlawful arrest imprisonment, malicious prosecution abuse of process.

For reasons stated in this 42 U.S.C. § 1983 for deprivation of Civil Rights under the color of the State, The Mount Vernon City Court, County of Westchester State of New York, decided important State and federal constitutional questions (1) that have not been, but should be, settled by this Court and (2) in ways that conflict with relevant decisions of this Court.

Therefore the plaintiff respectfully asks The Daniel Patrick Moynihan Courthouse for a United States Constitution provision 42 U.S.C. § 1983 and the concepts set out by this Court for standard of review on proper evidence provision and correct instruction as is just and proper.

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

The plaintiff has suffered emotional distress from the duress of the unlawful arrest false imprisonment, the excessive prolonged two and a half years of malicious prosecution and of the perverted abuse of process.

The emotional distress of the interference with the plaintiff's ability to retain employment and to litigate the deliberate deprivation of Civil Rights under the color of the State interferes with the plaintiff employment as a Class A Truck driver because the duties at this job requires plaintiff to work 14 hours per day and to remain away from home for a month or several until completion of the one year contract and to litigate the Civil Rights claim the plaintiff need to take exceeding time off to file the complaint.

The duress interferes with the plaintiff's property vested rights!

Plaintiff feels unwell but has not consulted with a physician!

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

The plaintiff is suing for damages directly resulting from the unlawful arrest, false imprisonment, malicious prosecution and for abuse of process.

The plaintiff request from the Court for assessment of the Lawful Damages from comparative cases decided by this Court, and in deciding the extent of the individual participation for each of the defendants at fault.

Request for the Court to order reparatory damages for the City of Mount Vernon Police Department policy failure not to train the officers not commit crimes in order to prosecute the crimes, and not to instruct the offending officers of their of duty is to prevent the crimes from taking place.

The City of Mount Vernon Police Department failed policy encourages the officers who participate in the unlawful conduct to continue the deceit concealment of the discriminatory selective policing by fabrication of unconstitutional evidence, false statements, illegal perverted use of the Courts process, and in the Court the suppression of evidence favorable to the defense to prosecute the not authorized by law illegal perversion of process.

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not presented for an purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change the existing law; (3) the factual contentions have evidentiary support or, if specifically identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissed of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without payment without prepayment of fees, each plaintiff must also submit an IFP application.

_April, 2, 2018_

Dated

_Jose Antonio Mendes da Costa_

Plaintiff's Signature

| Jose | (A) M | da Costa |
|---|---|---|
| First Name | Middle Initial | Last Name |

86 Gramatan Avenue, Apt. 40

Street Address

| Westchester, Mount Vernon | New York | 10550 |
|---|---|---|
| County, City | State | Zip Code |

| (914) 774-3615 | joseantoniomendesdacosta46@gmail.com |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☑ Yes        ☐ No

If you consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.